## KITTRIDGE *versus* McLAUGHLIN.

The sale of a bankrupt's right in real estate, made by his assignee in bankruptcy, conveys only the right in law and equity which the *bankrupt* had in the land, at the *time* of the filing of his *petition* to be decreed a bankrupt.

A right which, after the filing of a petition to be decreed a bankrupt, may be yielded to the bankrupt by the waiver of a previous forfeiture, does not pass by the sale in bankruptcy.

If a bankrupt, since his application in bankruptcy, have purchased an equity of redeeming mortgaged land, the mortgagee, (though he have also bought the bankrupt's right to the land by a sale in bankruptcy,) cannot bar the bankrupt's right to redeem, by merely showing that, at the time of such application, the bankrupt had a conditional bond for a conveyance to him of the equity, *unless* the *mortgagee* shall have performed the condition of the bond.

Before such purchaser from the assignee in bankruptcy can be treated as the owner of the right of redemption, he must have established the right by a suit in equity, in which all opposing interests had opportunity to be examined.

BILL IN EQUITY, to redeem mortgaged land.

Kittridge, the plaintiff, in 1835, mortgaged the land to one

Benjamin, whose right, by a regular train of conveyances, became vested in the defendant.

An entry to foreclose was made July 20, 1846.

Kittridge, July 14, 1849, requested of the defendant an account of the sum due, and of the rents and profits. That account was rendered, July 18, 1849, accompained by a written statement, that the defendant recognized no right in the plaintiff to redeem, but claimed that the right of redeeming belonged to himself alone.

Kittridge, on the same 18th July, 1849, tendered to the defendant $425, and now brings this bill to redeem against the mortgage. The defendant, to show that the right of redeeming was not in Kittridge, but in himself, proved that Kittridge was decreed to be a bankrupt, on his own petition filed March 10, 1842, and that Kittridge's assignee, in 1846, conveyed the bankrupt's right to this defendant, wherefore the defendant denies that the plaintiff has any right to redeem.

The plaintiff contends, that notwithstanding his bankruptcy and the said sale made by his assignee, he is still entitled to redeem ; upon the ground that, at the date of his petition in bankruptcy, all his right of redeeming had been taken from him and sold on execution, and that he afterwards, by purchase, became the owner of that right.

To establish this position he proved, *that* his said equity was sold and conveyed on execution against him to George Wheelwright, and that the year allowed to redeem against that sale had expired before the petition in bankruptcy ; *that*, in 1844, Wheelwright conveyed the same to Tasker, and *that* Tasker conveyed the same to the plaintiff, one half of it in 1845, and the other on July 8, 1846.

Of these facts, thus exhibiting an apparent right in the plaintiff to redeem, the defendant undertook to dislodge the effect, by showing that at the time of the petition in bankruptcy, the right of redeeming was held merely in trust for the plaintiff, and that the conveyances of 1845 and 1846, were the mere execution of that trust.

For this purpose, the defendant introduced evidence, the character and effect of which are presented in the opinion given by the Court.

*Rowe*, for the plaintiff.

*Peters*, for the defendant.

SHEPLEY, C. J. — The plaintiff seeks a decree for the redemption of an estate mortgaged by him to David Benjamin on April 17, 1835. The defendant is the assignee of that mortgage. An entry for condition broken was made on July 20, 1846. The plaintiff, on July 14, 1849, requested an account of rents, profits and expenditures, which was presented by the defendant, on July 18, 1849, with a denial of the plaintiff's right to redeem, and a claim to be the absolute owner of the whole estate. On the day last named the bill alleges, that a tender was made of a certain sum to redeem the estate, which does not appear to be contested.

The plaintiff's equity of redemption was seized on an execution in favor of George Wheelwright, and was sold and conveyed to him on December 28, 1839; and on December 29, 1840, he executed a bond obliging himself to convey to Parsons and Tasker all his title to the estate upon payment within one year, of a certain sum named. The bond contained a stipulation, that if any part of that sum was paid within the year, the time for payment of the residue should be so extended as to give an average of one year's time for the payment of the whole sum; but this is unimportant, for the testimony does not show, that any part was paid within the year.

Wheelwright conveyed his title to Tasker, on July 25, 1844, and Tasker conveyed the same to the plaintiff, part on May 7, 1845, and the remainder on July 8, 1846.

The answer alleges, that Parsons and Tasker took the bond of Wheelwright, in trust for the plaintiff, who was the real party entitled to purchase, and whose right passed to his assignee in bankruptcy; and that it was by his assignee sold and conveyed to the defendant on November 8, 1846.

The question is therefore presented, whether the plaintiff or the defendant is the owner of the equity of redemption.

The right to have a conveyance from Wheelwright on payment of the amount named in the bond, would cease on December 29, 1841. Joseph S. Wheelwright testifies, that he heard several conversations between his father and the plaintiff, and between his father and Tasker, respecting the bond and land, but he does not with any degree of certainty determine, that any one of those conversations took place earlier than during the winter of 1843–4. He thinks that some of them did, but he does not fix upon any time, nor does he state what the conversations were, if any such did take place. During that winter, he says, "there was a reference made to the bond having been forfeited, and that having remained so a long time my father wished the matter closed up." He says, that his father at another time stated to him, that he had told the plaintiff, that he should never take advantage of him. If this were received as testimony, it would not prove, that he had so stated to him before he had filed his petition to be declared a bankrupt; but between these parties it is not legal testimony, and it must be excluded.

There is testimony to prove that the plaintiff exercised acts of ownership on the land, and that he spoke of it as his own. The proof, however, fails to show, that he had any legal or equitable title or interest in it, which could have been enforced at law or in equity, when his petition in bankruptcy was filed on March 10, 1842, or that Parsons and Tasker had.

The legal and equitable interests, which the bankrupt had at that time, passed to his assignee. Such as he might afterward acquire by the favor of another, by the waiver of a forfeiture, would not pass to the assignee. Whatever claims the creditors of the bankrupt might have to such property or rights by a subsequent waiver of the forfeiture operating to re-establish the original right, none could pass to the assignee before any such waiver had been made. The defendant, not appearing to be a creditor of the plaintiff, cannot assume that character to resist his title. *Baker* v. *Vining*, 30 Maine, 121.

This is not the only difficulty which the defendant must overcome to establish his title to the equity of redemption. If the plaintiff was the owner of the right to purchase from Wheelwright, and if that right passed to his assignee, and was sold and conveyed to the defendant, he would thereby acquire only the right to have a conveyance upon performance of the condition of the bond. Before he could become the owner of the land subject to the mortgage, he must by a suit in equity, in which all opposing interests could be examined, obtain a conveyance of it. Now at best, he has but a right to have a conveyance upon proof of performance. If Wheelwright had conveyed the title to others, all interested must be made parties to such a suit, to have a decision upon their rights. If he could have in this manner acquired a title from the plaintiff he has not done it, and cannot now, without a cross bill filed for that purpose, interpose a mere contested right to a conveyance, to have the effect of a title virtually acquired, and superior to that of the plaintiff.

A decree may be entered, that the plaintiff is entitled to redeem, that ———— is appointed master, to take an account of the amount due upon the mortgage, and that the case is reserved for further proceedings, until the master's report is presented.